[Cite as *Howard v. Mansfield Correctional Inst.*, 2010-Ohio-4783.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JASON HOWARD

     Plaintiff

     v.

MANSFIELD CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2009-09019-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) On September 10, 2008, plaintiff, Jason Howard, an inmate incarcerated at defendant, Mansfield Correctional Institution (ManCI), was transferred from the ManCI general population to a segregation unit. Plaintiff's personal property was inventoried, packed, and delivered into the custody of ManCI staff incident to the September 10, 2008 transfer. Plaintiff related his property remained stored in the ManCI vault until March 9, 2009 when he was transferred from ManCI to the Trumbull Correctional Institution (TCI). Plaintiff's property was again inventoried incident to his transfer to TCI and the items were forwarded to that institution. On March 10, 2009, TCI staff also inventoried plaintiff's property. Plaintiff submitted copies of all three property inventories, dated September 10, 2008, March 9, 2009, and March 10, 2009.

{¶ 2} 2) Plaintiff explained he briefly examined his property before he boarded a bus for transport from ManCI to TCI and he informed ManCI employee Lt. Page that he was "missing a bag of property." Plaintiff related he retrieved his property at TCI on March 10, 2009 and discovered multiple items were missing. Plaintiff contended the missing property items were left in the ManCI property vault when he was transferred

from that institution on March 9, 2009. Plaintiff maintained the following articles of property were lost while under the control of ManCI personnel: "1 Blue Blanket, 1 Pair Blue Shorts, 1 Sweat Shirt, 1 Sweat Pants, 2 Towels, 1 Pair House Shoes, 3 Pair of Socks, 3 T-Shirts, 1 Belt, 2 Pair Gloves, 1 Beard Trimmers, 1 Shampoo, 1 Conditioner, 1 Brush & Comb, 1 Pair Riddel White tennis shoes, Handballs, and 1 T.V. Remote." Plaintiff contended defendant should bear liability for the loss of his property and he has consequently, filed this complaint seeking to recover $176.00, the stated replacement cost of the items. Payment of the filing fee was waived.

{¶ 3} 3) Plaintiff submitted copies of his three Inmate Property Records compiled on September 10, 2008, March 9, 2010, and March 10, 2010. The September 10, 2008 inventory compiled at ManCI lists the following items relevant to this claim: one blanket, two pairs of gym shorts, two sweat shirts, one pair of sweat pants, three t-shirts, one personal belt, four towels, one pair of house shoes, three pairs of socks, two pairs of personal gloves, a shampoo, a conditioner, and brushes and combs. Beard trimmers, tennis shoes, handballs, and a t.v. remote control are not listed on the September 10, 2008 Inmate Property Record. The March 9, 2010 inventory compiled at ManCI and the March 10, 2010 inventory compiled at TCI do not list any of the items claimed in plaintiff's complaint with the exception of one pair of gym shorts, one sweat shirt, and one towel.

{¶ 4} 4) Defendant denied any liability in this matter asserting plaintiff failed to provide proof he actually owned any of the items claimed. Defendant stated, "[t]here is no proof that the items were lost due to negligence" on the part of ManCI staff. Defendant suggested plaintiff voluntarily discarded property to meet volume limitations for inmate property possession.

{¶ 5} 5) Plaintiff filed a response insisting he owned all the property claimed and all items claimed were lost while under the control of ManCI personnel. Plaintiff specifically denied he discarded any property to satisfy volume limitations set by defendant.

{¶ 6} 5) Defendant submitted a copy of plaintiff's Inmate Property Record compiled by ManCI staff and dated August 13, 2008. This Inmate Property Record lists one pair of white Riddel gym shoes. Both plaintiff and defendant submitted copies of grievances plaintiff filed in regard to his property loss claim. In a grievance appeal

dated June 19, 2009, plaintiff asserted his gym shoes were packed on September 10, 2008, but were not listed by the packing officer due to the fact the officer listed the shoes on the Inmate Property Record as "Shoes/Work Boot" rather than "Shoes/Gym." On the subsequent Inmate Property Records compiled on March 9, 2009 and March 10, 2009, there are no "Shoes/Work Boot" listed.

## CONCLUSIONS OF LAW

{¶ 1} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 2} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 3} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 4} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 5} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 6} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 7} 7) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his

evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 8} 8) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions credible in regard to the delivery of most of the property into the custody of ManCI staff. The court also finds plaintiff's assertions regarding ownership of property to be persuasive.

{¶ 9} 9) Negligence on the part of defendant has been shown in respect to the issue protecting plaintiff's property after he was transferred to segregation on September 10, 2008. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has offered sufficient proof to establish all property items claimed with the exception of a pair of handballs, beard trimmers, and a remote control were lost or stolen while under the control of ManCI staff.

{¶ 10} 10) The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 11} 11) In a situation where a damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 12} 12) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 13} 13) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of

certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 14} 14) Plaintiff has suffered damages in the amount of $138.21.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JASON HOWARD

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-09019-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $138.21. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jason Howard, #470-060
5701 Burnett Road
P.O. Box 901
Leavittsburg, Ohio  44430

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
5/13
Filed 6/8/10
Sent to S.C. reporter 10/1/10